# NETCHERT, DINEEN & HILLMANN, ESQS.

294 HARRINGTON AVENUE, SUITE 3
CLOSTER, NEW JERSEY  07624
(201) 784-1046
FAX (201) 784-0236
Attorneys for the Defendant, Officer M. M. Otundo (Badge No. 2052)
Our File Number - JC-18901

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JONATHAN SANDERS,<br><br>*Plaintiff,*<br><br>vs.<br><br>CITY OF JERSEY CITY; JERSEY CITY POLICE DEPARTMENT; OFFICER M. M. OTUNDO (Badge No. 2052), Individually and in his official capacity as an Officer with the Jersey City Police Department; OFFICER F.A. MONTERO (Badge No. 2230), Individually and in his official capacity as a Police Officer for the Jersey City Police Department; OFFICER BAUER (Badge No. 2907), Individually and in his official capacity as a Police Officer for the Jersey City Police Department; OFFICER SALEH (Badge No. 2987), Individually and in his official capacity as a Police Officer for the Jersey City Police Department; JOHN DOES 1-10 (fictitious names), Individually and in his/her official capacity as a Police Officer for the Jersey City Police Department,<br><br>*Defendants,* | Civil Action No.  2:18-CV-01057-KM-JBC<br><br>**ANSWER**<br>**REQUEST FOR STATEMENT OF DAMAGES**<br>**JURY DEMAND**<br>**DESIGNATION OF TRIAL COUNSEL** |

Defendant, Officer M.M. Otundo  by way of answer to the Complaint of Plaintiff, says:

## JURISDICTION AND VENUE

1. Defendant neither admits nor denies the allegations made in paragraph 1 and 2 of the Complaint, but leaves plaintiff to it's proofs.

## PARTIES

2. Defendant lacks information sufficient to form a belief as to the truth of the allegations made in paragraphs 3, 4, 7 and 8 of the Complaint.

3. Defendant admits the allegations made in paragraphs 5 and 6 of the Complaint.

## CAUSE OF ACTION

4. Defendant admits the allegations made in paragraph 9 of the Complaint.

5. Defendant lacks information sufficient to form a belief as to the truth of the allegations made in paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 27, 28, 29, 31 and 32 of the Complaint.

6. Defendant denies the allegations made in paragraphs 23, 24, 25, 26 and 30 of the Complaint.

## FIRST COUNT
### False Arrest/Imprisonment
### 42 U.S.C. § 1983

7. Defendant repeats and restates its answers to the allegations of the all prior paragraphs of the Complaint as if set forth herein.

8. Defendant admits the allegations made in paragraph 34 of the Complaint.

9. Defendant denies the allegations made in paragraphs 35, 36 and 37 of the Complaint.

## SECOND COUNT
### Illegal Search and Seizure
### 42 U.S.C. § 1983

10. Defendant repeats and restates its answers to the allegations of the all prior paragraphs of

the Complaint as if set forth herein.

11. Defendant denies the allegations contained in paragraphs 39, 40, 41 and 42 of the complaint.

## THIRD COUNT
### Excessive Force
### 42 U.S.C. § 1983

12. Defendant repeats and restates its answers to the allegations of the all prior paragraphs of the Complaint as if set forth herein.

13. Defendant admits the allegations made in paragraph 46 of the Complaint.

14. Defendant denies the allegations made in paragraphs 44, 45, 47 and 48 of the Complaint.

## FOURTH COUNT
### Municipal Liability
### *Monell*, NJCRA, Negligent Supervision/Negligent Training/Municipal Liability

15. Defendant neither admits nor denies the truth of the allegations made in the Fourth Count of the Complaint as such allegations do not refer to this defendant.

## FIFTH COUNT
### False Arrest/Imprisonment, Illegal Search and Seizure, Excessive Force
### New Jersey Civil Rights Act New Jersey Constitution
### N.J.S.A. § 10:6-2 *et seq.*

16. Defendant neither admits nor denies the truth of the allegations made in the Fifth Count of the Complaint as such allegations do not refer to this defendant.

## SIXTH COUNT
### Failure to Intervene
### 42 U.S.C. § 1983

17. Defendant neither admits nor denies the truth of the allegations made in the Sixth Count of the Complaint as such allegations do not refer to this defendant.

## SEVENTH COUNT
### Conspiracy

18. Defendant repeats and restates its answers to the allegations of the all prior paragraphs of

the Complaint as if set forth herein.

19. Defendant denies the allegations contained in paragraphs 93 and 94 of the complaint.

## EIGHTH COUNT
### Intentional and Negligent Infliction of Emotional Distress

20. Defendant repeats and restates its answers to the allegations of the all prior paragraphs of the Complaint as if set forth herein.

21. Defendant denies the allegations contained in paragraphs 97 and 98 of the complaint.

## NINTH COUNT
### Malicious Prosecution

22. Defendant repeats and restates its answers to the allegations of the all prior paragraphs of the Complaint as if set forth herein.

23. Defendant denies the allegations contained in paragraphs 100 and 102 of the complaint..

24. Defendant lacks information sufficient to form a belief as to the truth of the allegations made in paragraph 101 of the Complaint.

## TENTH COUNT
### Assault and Battery

25. Defendant repeats and restates its answers to the allegations of the all prior paragraphs of the Complaint as if set forth herein.

26. Defendant denies the allegations contained in paragraphs 104, 105, and 106 of the complaint.

## SEPARATE DEFENSES

1. Any injuries or damages allegedly sustained by the plaintiffs were the result of the contributory negligence of said plaintiffs.

2. Plaintiffs are barred from recovery by comparative negligence, which negligence was greater than that of these defendants, (as set forth in N.J.S.A. 2A:15-5.1) being Chapter 146 of the Laws

of 1973.

3. Any amount plaintiffs may recover shall be reduced in proportion to the amount of negligence attributable to plaintiffs.

4. Defendants did not make nor did it breach any warranty (or contract, if applicable) to the plaintiffs or any other person.

5. This action is governed by the provisions of N.J.S.A. 59:1-1, et seq. and the same are impleaded herein as if set forth herein at length.

6. Plaintiffs are not entitled to any prejudgment interest, pursuant to N.J.S.A. 59:9-2(a).

7. Plaintiffs are not entitled to recover for pain and suffering pursuant to N.J.S.A. 59:9-2(d).

8. Defendants claim credit for all collateral sources from which plaintiffs have or shall receive benefits, pursuant to N.J.S.A. 59:9-2(e).

9. These defendants are an employee of a public entity and as such is immune from liability by statute in such case made and provided.

10. Defendants are a charitable, eleemosynary institution, the plaintiffs were a beneficiary thereof and the defendants are entitled to the immunities set forth in the statutes in such case made and provided.

11. Plaintiffs have failed to set forth a cause of action upon which relief can be granted.

12. The defendants violated no duty to any party herein and was not otherwise negligent.

13. Defendant is entitled to "Qualified Immunity" as a defense to the action herein.

14. Defendant did not violate U.S.C. § 1983.

15. Defendant did not use excessive force.

16. Defendant acted reasonably under the Fourth amendment.

WHEREFORE, Defendant, Officer M.M. Otundo demands judgment against the plaintiff

plus costs of suit.

## REQUEST FOR STATEMENT OF DAMAGES

PLEASE TAKE NOTICE that in accordance with Rule 4:5-2, the undersigned requests that within five (5) days of service hereof upon the plaintiff, that plaintiff serve a written statement of the amount of damages claimed in the above-entitled action.

## JURY DEMAND

Defendant, Officer M.M. Otundo, hereby demands a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that John R. Dineen, Esq. is designated as trial counsel in the within matter.

**NETCHERT, DINEEN & HILLMANN**

By: __/s/ John R. Dineen__
     **John R. Dineen**

I certify that this pleading was served within the time period allowed under the Rules and I further certify that to my knowledge and based on the information available to me at this time, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding and that no additional parties are known at this time who should be added.

**NETCHERT, DINEEN & HILLMANN**

By: __/s/ John R. Dineen__
     **John R. Dineen**

DATE:   April 24, 2018